IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MONIQUE ROBERTS, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| SHREE VINAYAK, LLC d/b/a HILTON GARDEN INN, | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Monique Roberts ("Plaintiff" or "Ms. Roberts"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.* ("ADA").

**JURISDICTION AND VENUE**

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 12117, and 28 U.S.C. § 1367.

3.

Defendant Shree Vinayak, LLC d/b/a Hilton Garden Inn ("Defendant") does business in this judicial district.  Additionally, the unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

**PARTIES**

4.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.  Plaintiff is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant is a domestic limited liability company qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

7.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, David S. Hollingsworth, located at 688 Walnut Street, Suite 100, Macon, GA 31208.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

9.

During all times relevant hereto, Defendant had employed fifteen (15) or more employees for the requisite duration under the ADA.  Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

## ADMINISTRATIVE PROCEDURES

### 10.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on June 18, 2020.

### 11.

The EEOC issued a "Notice of Right to Sue" on November 12, 2020, entitling an action to be commenced within ninety (90) days of receipt of that notice.

### 12.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

### 13.

Ms. Roberts began working for Defendant on or about June 2018 as a Front Desk Agent.

### 14.

Ms. Roberts has a disability and/or perceived disability.

### 15.

Specifically, Ms. Brown suffers from high blood pressure and anxiety.

16.

At the onset of the COVID-19 pandemic, on or around March 2020, Ms. Roberts notified General Manager Diane Slaughter, Assistant General Manager Zakiyya Goff, and Owner Nick Patel that she had high blood pressure and anxiety.

17.

Ms. Roberts specifically explained that the stress of the COVID-19 pandemic had elevated her blood pressure levels and heightened her anxiety.

18.

Defendant's actions also contributed in part to Ms. Roberts' increased blood pressure levels and anxiety.

19.

When the pandemic began in March 2020, Defendant failed to take any reasonable precautions. For example, Defendant told Ms. Roberts and other employees that they could not wear masks, Defendant provided no personal protective equipment to employees, such as gloves or masks, and Defendant did not attempt to separate employees from guests.

20.

On or about March 16, 2020, Ms. Roberts was told that she would begin working every Saturday and Sunday from 3:00pm to 11:00pm. Due to the pandemic, no other staff were present, and Defendant did not provide any security at the hotel.

21.

On or about March 31, 2020, Ms. Roberts asked Ms. Slaughter if she could work every other weekend, as she felt unsafe and uncomfortable working alone at the front desk during the pandemic. Ms. Roberts told Ms. Slaughter that her anxiety was getting worse from her shifts at the hotel and that she was having trouble sleeping.

22.

Ms. Slaughter denied Ms. Roberts' request to work every other weekend and belittled her anxiety. She told Ms. Roberts to stop watching TV and downplayed the threat of COVID-19.

23.

On or around April 9, 2020, Ms. Roberts called Mr. Patel and again requested time off because of her blood pressure and anxiety. Ms. Roberts told Mr. Patel that she felt unsafe working and that she was experiencing elevated and uncontrolled blood pressure levels and heightened anxiety as a result of her shift at the hotel.

24.

Mr. Patel told Ms. Roberts, "Don't go," and said that he would speak with Ms. Slaughter. Mr. Patel told Ms. Roberts that she should take off as much time as she needed.

25.

That evening, Ms. Roberts provided Ms. Slaughter with a doctor's note detailing her episodes of uncontrolled blood pressure and her need to take off work for the next two days.

26.

On or around May 8, 2020, Ms. Roberts contacted Ms. Slaughter about returning to work two days a week.

27.

Ms. Slaughter replied that Ms. Roberts had quit her job by telling Mr. Patel that she could not work due to her elevated blood pressure levels and heightened anxiety.

28.

On or around May 11, 2020, Ms. Roberts called Mr. Patel and told him that she wanted to return to work and that Ms. Slaughter claimed that she quit.

29.

Mr. Patel responded by asking whether Ms. Roberts was ready and able to return to work. He asked whether she wanted to work full- or part-time and said that Defendant really needed employees.

30.

Ms. Roberts said that she was ready to come back part-time and Mr. Patel said that he would speak with Ms. Goff.

31.

On or around May 12, 2020, Ms. Roberts called Mr. Patel back to tell him that her unemployment benefits had stopped. He told her that he would go to the hotel and speak with Ms. Slaughter.

32.

Ms. Roberts never received a response from Mr. Patel and was not asked to return to work.

33.

Defendant terminated Plaintiff because she had a record of a disability and/or because it regarded her as disabled and/or because she engaged in protective activity.

34.

Any other reason provided for Plaintiff's termination is pretext for discrimination on the basis of Plaintiff's disability.

## CLAIMS FOR RELIEF

## COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA

35.

Plaintiff re-alleges paragraphs 13-34 as if set forth fully herein.

36.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to performing manual tasks, standing, concentrating, thinking, communicating, and sleeping.

37.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

38.

Defendant was aware of Plaintiff's disability.

39.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

40.

Plaintiff has a record of having a disability and/or perceived disability such that she is a person with a disability within the meaning of the ADA, as amended.

41.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

42.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, or record of having a disability.

43.

Defendant terminated Plaintiff's employment because of her disability-related requests for time off.

44.

By terminating Plaintiff's employment because of her disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

45.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

46.

Defendant treated other employees outside Plaintiff's protected class differently.

47.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

48.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

49.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of his disability.

50.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

51.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

52.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

53.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

54.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II: RETALIATION IN VIOLATION OF THE ADA, AS AMENDED

55.

Plaintiff re-alleges paragraphs 13-34 as if set forth fully herein.

56.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to performing manual tasks, standing, concentrating, thinking, communicating, and sleeping.

57.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

58.

Defendant was aware of Plaintiff's disability.

59.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

60.

Defendant terminated Plaintiff because of her requests for leave.

61.

Plaintiff's requests for leave because of her disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

62.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her request for time off.

63.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's requests for time off.

64.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

65.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

66.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

67.

As a result of Defendant's retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

68.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

69.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

70.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

**WHEREFORE**, Plaintiff judgment as follows:

(a)      General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)      Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)      Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d)      Reasonable attorney's fees and expenses of litigation;

(e)      Trial by jury as to all issues;

(f)      Prejudgment interest at the rate allowed by law;

(g)      Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     Injunctive relief of reinstatement, or front pay in lieu thereof, and

prohibiting Defendant from further unlawful conduct of the type

described herein; and

(i)     All other relief to which she may be entitled.

Respectfully submitted this _____ day of January, 2021.

                                BARRETT & FARAHANY

                                /s/ *Amanda Farahany*
                                Amanda Farahany
                                Georgia Bar No. 646135
                                Zachary Panter
                                Georgia Bar No. 822012
                                *Attorneys for Plaintiff Monique Roberts*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
amanda@justiceatwork.com
zachary@justiceatwork.com